UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA C. SMITH | CIVIL ACTION |
| VERSUS | NO. 18-14317 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to:   12-968 BELO
              in MDL 10-2179

## REPORT AND RECOMMENDATION

Plaintiff, Debra C. Smith, was employed as a clean-up worker and also lived in Escambia County, Florida, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Complaint, Record Doc. No. 1. She filed this complaint pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179.

Smith seeks compensatory damages and related costs for later-manifested physical conditions (as defined in the Medical Settlement Agreement) that she allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1. Specifically, her complaint asserts that she now suffers from chronic conjunctivitis, chronic dry eye syndrome and legal blindness. Id. at ¶ 51.

Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), moved to dismiss plaintiff's claim for recovery for a condition for which

she did not satisfy the Medical Settlement Agreement's conditions precedent before filing the instant lawsuit. BP's memorandum, Record Doc. No. 4-1 at pp. 1-2. Specifically, BP argues that Smith failed to fulfill the conditions precedent to bringing her BELO claims based on legal blindness. Id. at p. 2. Thus, BP's motion is in fact a motion for partial dismissal. Plaintiff filed a timely opposition memorandum, Record Doc. No. 6.

Having considered the motion, the complaint, the record, the submissions of the parties and the applicable law, I recommend that BP's motion to dismiss be GRANTED and that the single part of plaintiff's complaint relating to her condition of legal blindness be DISMISSED WITHOUT PREJUDICE, for the following reasons.

## ANALYSIS

The Medical Settlement Agreement is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) in MDL No. 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who seek compensation for later-manifested physical conditions, as defined in the Medical Settlement Agreement. Id. at § II(VV).

As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"). Upon confirming that the notice of intent to sue is compliant with the conditions precedent, the Claims Administrator must transmit the notice to BP. BP then has

30 days to decide whether to mediate the claim. If, as in this case, BP chooses not to mediate, the claimant must file his BELO lawsuit within six months of being notified by the Claims Administrator of BP's election not to mediate. Id. at §§ VIII(A), (C)(1), (C)(2), (G)(1)(b).

BP moves to dismiss Smith's complaint pursuant to this court's BELO Cases Initial Proceedings Case Management Order ("CMO") insofar as it concerns the claimed condition of legal blindness. The CMO allows the parties to file a motion to dismiss with*out* prejudice if the complainant fails "to complete the conditions precedent to filing such a complaint as required in the [Medical] Settlement Agreement." CMO, Record Doc. No. 3 in this action, Record Doc. No. 14099 in MDL No. 10-md-2179, at § IV(1)(A).

The Medical Settlement Agreement states in pertinent part:

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER seeking compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION must submit a NOTICE OF INTENT TO SUE, . . . , to the CLAIMS ADMINISTRATOR. The NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE, whichever is later.

Record Doc. No. 6427-1 at § VIII(A) in MDL No. 10-md-2179. A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT only for the LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." Id. at § VIII(G)(2)(a) (emphasis added).

3

The notice of intent to sue form attached to the Medical Settlement Agreement prompts class member claimants to provide information, including medical records or a physician's certification concerning the diagnosis, about <u>every</u> later-manifested physical condition for which a claim is being made. Record Doc. No. 6427-6 in MDL No. 10-md-2179. Without such information, the Claims Administrator cannot confirm that the notice of intent to sue satisfies certain requirements as to each claimed condition.

In this case, plaintiff alleges that her symptoms began after her clean-up work on the oil spill and that she was diagnosed on December 8, 2012 with chronic conjunctivitis and chronic dry eye, but was not diagnosed as legally blind until April 2018. Record Doc. No. 1 at ¶ 51. She first submitted a notice of intent to sue on January 24, 2018, listing her later-manifested physical conditions as "chronic conjunctivitis and chronic dry eye syndrome due to chemical exposure." Defendant's Exh. A, Record Doc. No. 4-2 at pp. 2-5.

On June 29, 2018, the Claims Administrator notified Smith of BP's refusal to mediate her claim for these conditions. Record Doc. Nos. 1-2; 6 at p. 2. Plaintiff then timely filed her BELO complaint in this court, alleging chronic conjunctivitis, chronic dry eye syndrome <u>and legal blindness</u>. Record Doc. No. 1, ¶ 51. Legal blindness was <u>not</u> identified in her notice of intent to sue submitted to the Claims Administrator. Record Doc. No. 4-2 at pp. 5. In her opposition, plaintiff claims that she neither filed a notice of intent to use for legal blindness nor amended her initial notice of intent to sue because doing so would have "further delayed the prosecution of her claims." Record Doc. No. 6 at p. 2.

4

The plain terms of the Medical Settlement Agreement do not allow Smith to allege damages in this BELO lawsuit based on the never previously identified physical condition of legal blindness, without first including it in her notice of intent to sue and having it accepted by the Claims Administrator as a valid condition. This requirement is not a mere case management tool, as plaintiff argues. Record Doc. No. 6 at pp. 2-3. Instead, it is a condition precedent set by the court-approved Medical Benefits Settlement Agreement. Smith failed to meet the conditions precedent to filing a BELO complaint as to legal blindness. She does not assert anything in her opposition memorandum to contradict these plain facts.

## **RECOMMENDATION**

For all the foregoing reasons, it is **RECOMMENDED** that defendant's motion be **GRANTED** and that plaintiff's complaint be DISMISSED IN PART as to her claim of legal blindness, WITH<u>OUT</u> PREJUDICE to refiling once all BELO <u>suit</u> pre-conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this \_\_\_20th\_\_\_ day of February, 2019.

                                             JOSEPH C. WILKINSON, JR.
                                             UNITED STATES MAGISTRATE JUDGE